Per Curiam.

The question presented is whether, at the time of the accident resulting in decedent’s death, he was “en route between the home and the school” within the meaning of that term as used in the policy; or, more specifically, did the word, “home,” include the dwelling house only, or did it include the garage located on the premises with the dwelling house?
Appellant contends that the “home” included the premises or geographic area known as “home,” that the term, “en route,” meant while on the journey or way between the premises, surrounding the house, and the school, and that, since, on the morning of the accident, decedent never left the immediate premises on which his residence was located, he was not within the geographical area covered by the policy.
With that contention the majority of this court is not in accord. As a general rule in Ohio, a genuine ambiguity in a contract or policy of insurance written by the insurer will be construed in favor of the insured or beneficiary. If the word, “home,” as used in the policy, is ambiguous and susceptible of different meanings, that interpretation should be made which is most favorable to the insured. By giving such an interpretation to the policy herein, the word, “home,” will be construed to mean “dwelling house,” and decedent had left his home and was en route to school when the accident occurred.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Stewaet, Bell, Taet, Matthias and HeRbeet, JJ., concur. Wetgandt, C. J., and Zimmerman, J., dissent.